876 So.2d 1240 (2004)
STATE of Florida, Appellant,
v.
Tiffany Sue ROSE, Clifford Lavond Green, Thomas Antwan Mayfield, Appellees.
Nos. 2D03-3943, 2D03-4480, 2D03-4510.
District Court of Appeal of Florida, Second District.
June 30, 2004.
*1241 Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellants.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellees.
WHATLEY, Judge.
The State appeals the orders dismissing the informations filed against Tiffany Sue Rose, Clifford Lavond Green, and Thomas Antwan Mayfield (the Appellees) charging them with violating section 812.155(3), Florida Statutes (2001), for failing to return leased property valued at $300 or more to the lessor with the intent to defraud.[1] The trial court found in its order that the statute is unconstitutional because it creates a special law, which is prohibited by article III, section 11(a) of the Florida Constitution. We reverse.
The issue of whether a statute is a special law or a general law is subject to de novo review. Schrader v. Florida Keys Aqueduct Auth., 840 So.2d 1050 (Fla.2003). Statutes are presumed to be constitutional, and all reasonable doubts as to their validity are resolved in favor of their constitutionality. In re Estate of Caldwell, 247 So.2d 1 (Fla.1971).
The Florida Supreme Court has explained the distinction between special and general laws as follows:
[A] special law is one relating to, or designed to operate upon, particular persons or things, or one that purports to operate upon classified persons or things when classification is not permissible or the classification adopted is illegal; a local law is one relating to, or designed to operate only in, a specifically indicated part of the state, or one that purports to operate within classified territory when classification is not permissible or the classification adopted is illegal.
A general law operates universally throughout the state, or uniformly upon subjects as they may exist throughout the state, or uniformly within permissible classifications by population of counties or otherwise, or is a law relating to a state function or instrumentality.
State ex rel. Landis v. Harris, 120 Fla. 555, 163 So. 237, 240 (1934), quoted in Schrader, 840 So.2d at 1055 (citations omitted).
In moving to dismiss the informations filed against them, the Appellees argued that section 812.155(3) is a special law pertaining to three of the twenty-one subjects about which section 11(a) of the Florida Constitution prohibits special laws: rules of evidence in any court, punishment for a crime, and conditions precedent to bringing any civil or criminal proceeding. Art. III, § 11(a)(3), (4), (7). At the hearing on the motions to dismiss, the Appellees pointed out that section 812.155(7) requires as a prerequisite to prosecution that a notice must be printed on all rental agreements advising lessees that the failure to return property and pay all amounts due upon expiration of the rental period is prima facie evidence of intent to defraud punishable as either a misdemeanor or a felony. The Appellees argued that the legislature added this condition precedent at the behest of the Rental Dealers' Association and that the legislature was helping the Association write its contracts. They further noted that the statute sets forth a punishment for the offense and establishes *1242 that failure to return property within five days of receiving a demand therefor is prima facie evidence of fraudulent intent. The Appellees concluded that the statute was a prohibited special law.
None of the points raised by the Appellees reveal section 812.155 to be a prohibited special law  it does not operate only upon particular persons or things nor does it operate only in a specially indicated part of the state. See Harris, 120 Fla. 555, 163 So. 237. Rather, section 812.155(3) operates on all those persons who fail to return leased property under the circumstances specified in the statute. See Dep't of Legal Affairs v. Sanford-Orlando Kennel Club, Inc., 434 So.2d 879, 881 (Fla.1983) ("A general law operates uniformly... because every person brought under the law is affected by it in a uniform fashion.").
Accordingly, we hold that section 812.155(3) is not a constitutionally prohibited special law, and we reverse the order dismissing the informations filed against the Appellees and remand for further proceedings consistent with this opinion.
Reversed and remanded.
CASANUEVA and SALCINES, JJ., Concur.
NOTES
[1] Section 812.155(3) makes it a second-degree misdemeanor to fail to return property valued at less than $300.